LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

JOSEPH CAYETANO,
*on behalf of himself,*
*FLSA Collective Plaintiffs and the Class*,

        Plaintiff,

v.

QUALITY FACILITY SOLUTIONS CORP
    d/b/a QUALITY FLOORSHINE
    d/b/a QFS,
and ESTHER FALKOWITZ,

        Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff JOSEPH CAYETANO ("Plaintiff CAYETANO," or "Plaintiff"), on behalf of himself, FLSA Collective Plaintiffs and the Class, by and through his undersigned attorneys, hereby files this class and collective action Complaint against Defendants QUALITY FACILITY SOLUTIONS CORP d/b/a QUALITY FLOORSHINE d/b/a QFS ("Corporate Defendant") and ESTHER FALKOWITZ ("Defendant FALKOWITZ," or "Individual Defendant"; and together with the Corporate Defendant, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time-shaving, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time-shaving, (3) spread of hours premium, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over the state law claims of Plaintiff, FLSA Collective Plaintiffs and members of the Class pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff CAYETANO is a resident of New York County, New York.

6. Corporate Defendant QUALITY FACILITY SOLUTIONS CORP is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 75 Taaffe Place, Brooklyn, NY 11205, and an address for service of process located at 199 Lee Ave, Brooklyn, NY 11211.

7. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and regulations thereunder.

8.      Individual Defendant ESTHER FALKOWITZ is the Chief Executive Officer of Defendant, QUALITY FACILITY SOLUTIONS CORP. At all relevant times, Defendant FALKOWITZ has exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. Defendant FALKOWITZ has exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all relevant times, employees could complain to Defendant FALKOWITZ regarding any of the terms of their employment, and Defendant FALKOWITZ possessed the authority to effect any changes to the quality or terms of their employment. Defendant FALKOWITZ ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendant. Defendant FALKOWITZ had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members, and could reprimand employees.

9.      Plaintiff CAYETANO has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

10.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.     Plaintiff CAYETANO brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including, but not limited to, laborers, flagman, foreman assistants, doormen, security, concierge, machine operators, and cleaners employed by Defendants on or after the date that is six years before the filing of the Complaint in this case ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal by Defedants to pay Plaintiff and FLSA Collective Plaintiffs their proper (i) overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours each week, and (ii) compensation for all hours worked but for which they have not yet compensated due to Defendants' time-shaving practices. The claims of Plaintiff as stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

14. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all current and former non-exempt employees, including but not limited to laborers, flagman, foreman assistants, doormen, security, concierge, machine operators, and cleaners, who were employed and unjustly compensated by Defendants, throughout New York State, on or after the date that is six (6) years before the filing of the Complaint in this case (the "Class").

15. The Class members are readily ascertainable. The number and identity of the

Class members are determinable from the records of Defendants. The hours assigned and worked, the titles of the positions held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

16.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class members were subject to the same corporate practices of Defendants, as alleged herein, including but not limited to Defendants' (i) failing to pay proper overtime compensation for all hours worked in excess of forty (40) hours each week; (ii) failing to pay regular and overtime compensation for all hours worked due to a practice of time-shaving, (iii) failing to pay spread of hours premium, (iv) failing to provide Class members with proper wage statements in compliance with the New York Labor Law, and (v) failing to properly provide wage and hour notices to Class members upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and

procedures carried out by Defendants.

18.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

19.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In

addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Both current and former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class;

    c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work;

    d) Whether Defendants failed to properly compensate Plaintiff and Class members for overtime under state and federal laws for all hours worked in excess of forty (40) each week;

    e) Whether Defendants practiced a policy of time-shaving;

    f) Whether Defendants failed to pay Plaintiff and Class members spread of hours premium for each work shift exceeding ten (10) hours in duration;

    g) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, on the date of hiring and annually thereafter, to all non-exempt employees, per the requirements of the NYLL; and

    h) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages, as required by the NYLL.

## STATEMENT OF FACTS

22. In or around September 2014, Plaintiff CAYETANO was hired by Defendants and/or their predecessors, as applicable, to work as a general labor worker at various construction sites throughout the greater New York City area. Plaintiff CAYETANO's employment was terminated in or around December of 2017.

23. Throughout his employment with Defendants, Plaintiff CAYETANO routinely worked in excess of forty (40) hours each per week. Specifically, Plaintiff CAYETANO was scheduled to work five (5) days per workweek for eight and a half (8.5) hours per workday, from 7:30 a.m. to 4:00 p.m., for a total of forty-two and a half (42.5) hours per workweek. Moreover, Plaintiff CAYETANO was frequently required by Defendants to stay after 5:00 p.m., and also after 5:30 p.m., as needed. Plaintiff CAYETANO was paid straight time at an hourly rate of $11.00 per hour for all hours worked.

24. Throughout his employment by Defendants, Plaintiff CAYETANO was not compensated overtime premium for all hours worked in excess of forty (40) each week. Although Plaintiff CAYETANO regularly worked forty-two and a half (42.5) to forty-seven and a half (47.5) hours per week, he was only ever paid $11.00 per hour for all hours worked.

Plaintiff has therefore not been properly compensated by Defendants at the overtime premium rate of one and a half times his regularly hourly rate for all hours worked in excess of forty (40) each week, in violation of the FLSA and NYLL.

25. Throughout his employment by Defendants, Plaintiff CAYETANO was not compensated for all his hours worked. Plaintiff CAYETANO was automatically deducted a thirty (30) minute meal break even though he never took such a break. Due to Defendants' time-shaving policy, Plaintiff CAYETANO did not receive his proper regular and overtime compensation for his off-the-clock hours of work.

26. Whenever Plaintiff was required by Defendants to continue working up until and through 5:30 p.m., Plaintiff CAYETANO worked over ten (10) or more hours on those days, as his work shift began at 7:30 a.m. each day. However, Plaintiff and Class members were never paid a spread of hours premium as required under the NYLL.

27. Based on Plaintiff CAYETANO's observations and conversations with other employees, FLSA Collective Plaintiffs and Class members similarly suffered from Defendant's policy of (i) time-shaving, (ii) failing to pay employees proper overtime compensation for all hours worked in excess of forty (40) each week, and (iii) failing to pay a spread of hours premium.

28. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and the Class for all hours worked in excess of forty (40) each week.

29. Defendants knowingly and willingly failed to pay Plaintiff, FLSA Collective Plaintiffs and the Class regular and overtime wages for all hours worked due Defendants' time-shaving practices.

30. Defendants knowingly and willfully made illegal meal break deductions from Plaintiff, FLSA Collective Plaintiffs and Class members' paychecks.

31. Defendants knowingly and willfully operated their business with a policy of not paying spread-of-hours premium to Plaintiff and Class members, in violation of the NYLL.

32. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements, as required under the NYLL.

33. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

34. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

35. Plaintiff realleges and reavers Paragraphs 1 through 34 of this class and collective action Complaint as if fully set forth herein.

36. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

38. At all relevant times, Corporate Defendant QUALITY FACILITY SOLUTIONS CORP had gross annual revenues in excess of $500,000.

39. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) per workweek.

40. Defendants failed to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time-shaving.

41. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs, and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

43. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

44. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime, plus an equal amount as liquidated damages.

45. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

46. Plaintiff realleges and reavers Paragraphs 1 through 45 of this class and collective action Complaint as if fully set forth herein.

47. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

48. Defendants willfully violated the rights of Plaintiff and Class members by failing to pay Plaintiff and Class members the proper overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours each workweek.

49. Defendants willfully violated the rights of Plaintiff and Class members, by practicing a policy of time-shaving, in violation of the NYLL.

50. Defendants willfully violated the rights of Plaintiff and Class members by failing to pay spread-of-hours premium for each workday that exceeded ten (10) hours in length, in violation of the NYLL.

51. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and other non-exempt employees, as required by

the NYLL. Defendants are required to provide accurate and proper information on wage statements issued to employees in accordance with the NYLL.

52. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and other non-exempt employees with proper wage notices, at date of hiring and at dates of all wage changes thereafter, in violation of the NYLL.

53. Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages, including overtime, unpaid spread-of-hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due by Defendants under the FLSA and the NYLL;

d. An award of unpaid regular and overtime compensation resulting from Defendants' policy of time-shaving, and which is due under the FLSA and the NYLL;

e. An award of unpaid spread-of-hours premiums due by Defendants under the NYLL;

 f. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

 g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay regular and overtime compensation pursuant to the FLSA and NYLL;

 h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay spread-of-hours premium pursuant to the NYLL;

 i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

 j. An award of statutory penalties, and prejudgment and post-judgment interest;

 k. Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

 l. Designation of this action as a Class Action pursuant to FRCP 23;

 m. Designation of Plaintiff as a Representative of the Class; and

 n. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 6, 2020

                Respectfully submitted,

By: */s/ C.K. Lee*
     C.K. Lee, Esq.

     LEE LITIGATION GROUP, PLLC
     C.K. Lee (CL 4086)
     Anne Seelig (AS 3976)
     148 West 24th Street, 8th Floor
     New York, NY 10011
     Tel.: 212-465-1188
     Fax: 212-465-1181
     *Attorneys for Plaintiff,*
     *FLSA Collective Plaintiffs and the Class*